UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1244(DSD/JMM)

Matt Pierce,

Plaintiff,

v. **ORDER**

Steven T. Rosso, P.A.,
Steven T. Rosso, Esq.
Emily White and Jan Stone,

Defendants.

Thomas J. Lyons, Jr., Esq., Consumer Justice Center, 342 County Road D East, Little Canada, MN 55117; Peter F. Barry, Esq., Barry Law Office, 342 County Road D East, Little Canada, MN 55117, counsel for plaintiff.

Michael L. Brutlag, Esq., Ryan J. Trucke, Esq. and Brutlag, Hartmann & Okoneski, 1100 Pillsbury Center, 200 Sixth Street South, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on defendants' motion to dismiss and plaintiff's cross motion for partial summary judgment. For the reasons stated, the court grants the defendants' motion, denies the plaintiff's motion, and dismisses the plaintiff's claims with prejudice.

## BACKGROUND

Defendant Steven T. Rosso, P.A. ("Rosso firm") was a law firm engaged in the business of collecting debts. In the spring of

FILED 12-21-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

2000, the Rosso firm was retained to assist a local TGI Fridays and a local Applebees Restaurant in recovering the outstanding balances arising from insufficient fund checks written by plaintiff. On July 12, 2000, the Rosso firm served plaintiff with a summons and complaint for the TGI Fridays' debt. On July 27, 2000, Rosso served plaintiff with a summons and complaint for the Applebees' debt. Included within each correspondence was an acknowledgment of receipt form for plaintiff to sign and return to defendants.

On July 10, 2001, plaintiff commenced the present action against the Rosso firm, its principal Steven T. Rosso, and employees Emily White and Jan Stone. The complaint alleges that defendants' attempted legal service failed to comply with Rule 4.05 of the Minnesota Rules of Civil Procedure since the notice of receipt did not: (1) substantially conform to the form required by the rules; (2) did not provide two copies of the notice as required; and (3) did not include a prepaid postage return envelope as required by the rules. The complaint goes on to allege that by failing to comply with these service requirements, defendants violated §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(13) and 1692f of the Fair Debt Collection Practices Act ("FDCPA") by attempting to take an action that defendants were not legally entitled to take, falsely implying a threat of suit and misrepresenting papers as legal process. (See Compl. ¶ 13.)

Defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the complaint asserting that it fails to state a claim upon which relief can be granted. Plaintiff has filed a cross motion for partial summary judgment on the pleadings pursuant to Fed. R. Civ. P. 56(c). After carefully reviewing the plaintiff's complaint, the court grants defendants' motion and denies plaintiff's motion.

**DISCUSSION**

**A. Legal Standard Under Fed. R. Civ. P. 12(b)(6)**

In ruling on a motion to dismiss for failure to state a claim, the court must assess whether the pleadings alone are legally sufficient to state a claim for which relief may be granted. Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993); Scheur v. Rhodes, 416 U.S. 232, 236 (1974) (providing that a 12(b)(6) motion "tests the sufficiency of the complaint."). The court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) if no relief can be granted based upon any set of facts that would be proved consistent with the plaintiff's allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In considering a motion to dismiss, the court must consider the factual allegations of the complaint as true and all reasonable inferences must be indulged in favor of the plaintiff. Whisman v. Rinehart, 119 F.3d 1303, 1308 (8th Cir. 1997). To survive such a motion, the plaintiff must be able to show, at a

minimum, that the prima facie elements of the applicable claims are alleged in the complaint. Briggs v. Sterner, 529 F. Supp. 1155 (D. Ia. 1981).

**B. Service of Process in the Manner Alleged Does Not Constitute Violation of FDCPA**

The court cannot conclude that defendants' failure to strictly abide by Minnesota Rule of Civil Procedure 4.05 constitutes a violation of the FDCPA. The FDCPA prohibits the use of any false, deceptive or misleading representation in connection with the collection of a consumer debt. 15 U.S.C. § 1692e. The FDCPA also prohibits the use of debt collection practices that directly violate state law. See Picht v. Hawks, 236 F.3d 446, 448 (8th Cir. 2001). Under Minnesota law the effect of an attempted service that does not strictly comply with Rule 4.05 simply results in ineffective service. See Turek v. A.S.P. of Moorhead, Inc., 618 N.W.2d 609 (2000) (holding that "service of process in a manner not authorized by the rules is ineffective service"); Lundgren v. Green, 592 N.W.2d 888, 890 (Minn. Ct. App. 1999) (same). In a similar case where the plaintiff failed to include an acknowledgment form and a self-addressed postage prepaid return envelope in the course of attempting service by mail, the Minnesota Court of Appeals held that "[b]y the unambiguous language contained in Rule 4.05, appellant's attempted service by mail was ineffectual. Because appellant's attempted service was ineffectual,

the district court action was a nullity." See Hughes, et al. v. Lund, et al., 603 N.W.2d 674, 677 (1999).

Here, the court cannot reach the conclusion that defendants' failure to strictly comply with Minnesota Rule of Civil Procedure 4.05 demonstrates an attempt by defendants: (1) to take an action that they were not legally entitled to take; (2) to falsely imply a threat of suit; or (3) to misrepresent papers as legal process. See 15 U.S.C. § 1692e. Plaintiff alleges no other false, deceptive, misleading or illegal acts on defendants' part. The court is unconvinced that ineffective service alone provides a legal basis to sustain a claim that the FDCPA has been violated.[1] Put differently, while defendants' attempt at legal service failed, this failure alone does not state a claim for a cause of action under the FDCPA.[2]

---

[1] The court also notes that plaintiff does not specifically challenge defendants' underlying legal basis to bring the lawsuit to collect the debts arising from plaintiff's passing of insufficient funds checks. Presumably, had defendants merely included a self-addressed envelope, a second copy of the notice, and made better effort to substantially conform to Rule 4.05, service would have been effective. Plaintiff does not allege that defendant otherwise violated the FDCPA when attempting to bring suit to collect the outstanding debt.

[2] For these same reasons, the court is unpersuaded that the alleged actions of defendants in anyway violated plaintiff's rights to substantive or procedural due process under the FDCPA.

## CONCLUSION

After taking the factual allegations of the complaint as true and indulging all reasonable inferences in favor of plaintiff, the court determines that defendants' motion must be granted and plaintiff's cross motion must be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 4] is granted;

2. Plaintiff's cross motion for partial summary judgment [Docket No. 12] is denied; and

3. Plaintiff's claims are dismissed with prejudice.

Dated: December 21, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500